IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWAYNE GRIER | § <br> § <br> § |
| VS. | § CIVIL ACTION NO: 4:23-CV-4249 <br> § <br> § <br> § |
| EXCELERATE ENERGY, LLC | § |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DWAYNE GRIER, complaining of and against Defendant, EXCELERATE ENERGY, LLC, EXCELERATE ENERGY, INC., EXCELERATE ENERGY LIMITED PARTNERSHIP, EXCELERATE ENERGY SERVICES, LLC, EXCELERATE TECHNICAL MANAGEMENT BV, and ORIENTAL LEASING 13 COMPANY LIMITED, and for causes of action will respectfully show the Court as follows:

**A. PARTIES**

1. Plaintiff, DWAYNE GRIER, is a resident of St. Ann, Jamaica

2. Defendant EXCELERATE ENERGY, LLC is a foreign limited liability company doing business in the State of Texas and may be served by and through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

3. Defendant EXCELERATE ENERGY, INC is a publicly traded company (EE: NYSE) and is organized under the laws of Delaware. It may be served by and through its registered agent for service of process, The Corporation Trust Company located at the Corporation Trust Center at 1209 Orange Street in Wilmington, Delaware 19801.

4.  Defendant EXCELERATE LIMITED PARTNERSHIP is a company organized under the laws of Delaware but that maintains a registered agent for service of process in Texas, CT Corporation System located at 1999 Bryan Street, Suite 900 in Dallas, Texas 75201-3136.

5.  Defendant EXCELERATE ENERGY SERVICES, LLC is a company organized under the laws of Delaware. It may be served by and through its registered agent for service of process, The Corporation Trust Company located at the Corporation Trust Center at 1209 Orange Street in Wilmington, Delaware 19801.

6.  Defendant EXCELERATE TECHNICAL MANAGEMENT BV is a foreign company formed in the Netherlands and may be served through the Hague Convention because the Netherlands is a signer to its "Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters."

7.  Defendant ORIENTAL LEASING 13 COMPANY LIMITED is a foreign company formed in the Republic of Ireland and may be served through the Hague Convention because the Republic of Ireland is a signer to its "Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters."

### B. JURISDICTION AND VENUE

8.  This Court has jurisdiction over the parties and the subject matter of this lawsuit pursuant to 28 U.S.C. § 1333.

9.  Plaintiff is a Jones Act seaman and brings this action pursuant to 46 U.S.C. § 30104 and 28 U.S.C. § 1916.

10. Venue is proper pursuant to 28 U.S.C § 1391(b)(1) because the Defendants maintain their principal place of business in the Southern District of Texas.

## C. FACTS

11. At all relevant times, Plaintiff was employed by the Excelerate Defendants.

12. Plaintiff was a crewman engineer aboard the ship *M/V Experience* owned by Defendant ORIENTAL LEASING 13 COMPANY LIMITED.

13. On or about February 5, 2022, while working on the ship, Mr. GRIER stood next to a cylindrical fan, which was shifting off a stool that supported it, so he utilized his left hand to secure the fan by its guard. However, the fan guard was not maintained properly and was incorrectly fastened to the fan. Given the insecure protective guard, the cage collapsed into the rotating blades of the fan. Plaintiff's left hand that was placed on the guard moved towards the fan and came in contact with the unprotected blades.

14. Plaintiff suffered a great deal of pain and impairment to his left hand. His left index finger up to the distal phalanx was crushed and was traumatically amputated. After he was rushed to surgery, leftover bone fragments in his distal and middle phalanx were removed. Now, Mr. GRIER only has a portion of the middle phalanx attached to his index finger.

## D. CLAIMS FOR RELIEF

### Jones Act Negligence

15. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 14.

16. At all relevant times, Plaintiff was in the course and scope of his employment and was a seaman on the ship. The ship at the time was in navigation, Plaintiff had an employment connection to the ship that is substantial in both time and nature, and he contributed to the work of the ship.

17. The actions and/or inactions of the EXCELERATE Defendants and/or their officers, agents and/or employees include but are not limited to the failure to maintain the ship's

equipment. At the time of the incident made the basis of this suit, the EXCELERATE Defendants breached their duty by failing to maintain a safe work place and failing to provide reasonably safe tools and equipment for their crew.

18. The EXCELERATE Defendants caused Plaintiff to sustain bodily injuries. The EXCELERATE Defendants are vicariously liable, via the doctrine of *respondeat superior*, for the negligence of their employees, whose actions and/or omissions in the scope of their employment caused serious personal injury to the Plaintiff.

### Unseaworthiness

19. Defendants' vessel, the *M/V Experience*, was unseaworthy because at the time of this incident, the ship's equipment was unreasonably dangerous for crewmembers to use and to perform assigned tasks. *See Gutierrez v. Waterman S.S. Co.*, 373 U.S. 206, 216 (1963). Said unseaworthy condition(s) was/were a cause of Plaintiff's injuries. Since the vessel was owned by Defendant ORIENTAL LEASING 13 COMPANY LIMITED, it is also liable to the Plaintiff for the vessel's unseaworthiness.

### Maintenance and Cure

20. Plaintiff would show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendants and while serving as a seaman in the service of their vessel. Defendants breached their absolute duty to provide Plaintiff with maintenance and cure. As a result of Defendants' unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff would also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action, and he is entitled to reasonable attorneys' fees for the collection of the maintenance and cure benefits due

to him for the arbitrary and capricious denial of said benefits.

21.     Plaintiff would further show that Defendants' refusal to pay maintenance and cure was done willfully and wantonly.  Therefore, Plaintiff is entitled to punitive damages.

## E. DAMAGES

22.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 21.

23.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

    b.    Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

    c.    Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

    d.    Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

    e.    Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

    f.    Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

    g.    Plaintiff sues for found damages in the past and future.

    h.    Plaintiff seeks punitive damages for denial of maintenance and cure.

## F. JURY DEMAND

24.     Plaintiff demands a trial by jury.

## G. PRAYER

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff asks for judgment against Defendants for the following:

   a. Actual damages;
   b. Attorneys' fees against Defendants;
   c. Pre-judgment interest and post-judgment interest at the maximum legal rate;
   d. Costs of court; and,
   e. Any and all further relief, be it general or special, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

_____
Alan Kolodny
S.D. Tex.: 1267978
State Bar of Texas: 24056882
Attorney-in-Charge
Rashon Murrill
S.D. Tex.: 3323268
State Bar of Texas: 24110622
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com
Email: rmurrill@fko-law.com

**ATTORNEYS FOR PLAINTIFF
DWAYNE GRIER**

6