IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWAYNE GRIER | § | |
| | § | |
| VS. | § | C.A. NO. 4:23-CV-4249 |
| | § | |
| EXCELERATE ENERGY, LLC | § | |

## DEFENDANT EXCELERATE ENERGY, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Excelerate Energy, LLC ("Defendant") to respectfully submit the following in answer to Plaintiff's First Amended Complaint ("Plaintiff's Complaint").

### FIRST DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant denies that venue is proper in this forum. In connection with the foregoing, Plaintiff has improperly joined claims against Texas companies in an improper attempt to maintain venue.

### SECOND DEFENSE

For further answer and without waiving the foregoing, foreign law should apply based on a choice of law analysis under *Lauritzen v. Larsen*, 345 U.S. 571 (1953).

### THIRD DEFENSE

For further answer and without waiving the foregoing, Plaintiff, a resident of Jamaica who sustained an injury on a foreign-flagged, foreign-manned and foreign-operated vessel in Brazil, has filed suit in an inconvenient forum, such that this matter should be dismissed for further litigation, if at all, in a more convenient forum pursuant to the federal common-law doctrine of *forum non conveniens*.

# FOURTH DEFENSE

Expressly subject to and without waiving any other defenses, Defendant answers the allegations of Plaintiff's First Amended Complaint ("Plaintiff's Complaint") in correspondingly identified sections and paragraphs as follows:

## A. PARTIES

1. Based on the best information available to Defendant, Plaintiff is a citizen and resident of Jamaica.

2. Defendant admits that Excelerate Energy, LLC is a limited liability company organized under the laws of Delaware. The remaining allegations of paragraph 2 of Plaintiff's Complaint relate solely to Excelerate Energy, LLC and do not require a response from this Defendant.

3. Defendant admits the allegations of paragraph 3 of Plaintiff's Complaint.

4. Defendant lacks sufficient information or knowledge regarding a business entity named Excelerate Limited Partnership to admit or deny the allegations of paragraph 4 of Plaintiff's Complaint. In the event that "Excelerate Limited Partnership" is a misnomer of "Excelerate Energy Limited Partnership", Defendant admits that Excelerate Energy Limited Partnership is a limited partnership organized under the laws of Delaware.

5. Defendant admits that Excelerate Energy Services, LLC is a limited liability company organized under the laws of Delaware. The remaining allegations of paragraph 5 of Plaintiff's Complaint relate solely to Excelerate Energy Services, LLC and do not require a response from this Defendant.

6. Defendant admits that Excelerate Technical Management BV is a foreign business entity. Defendant denies that Excelerate Technical Management BV is organized under the laws of The Netherlands. It is organized under the laws of Belgium. The remaining allegations of paragraph 6 of Plaintiff's Complaint relate solely to Excelerate Technical Management BV and do not require a response from this Defendant.

7. Defendant admits that Oriental Leasing 13 Company Limited is a foreign business entity organized under the laws of the Republic of Ireland. The remaining allegations of paragraph 7 of Plaintiff's Complaint relate solely to that Oriental Leasing 13 Company Limited and do not require a response from this Defendant.

### B. JURISDICTION AND VENUE

8. Defendant admits that the Court has subject matter jurisdiction over this matter. Defendant denies that the Court has personal jurisdiction over all the named defendants.

9. Defendant denies that Plaintiff is a Jones Act seaman as alleged.

10. Defendant denies that venue is proper herein. In connection with the foregoing, Plaintiff has improperly joined claims against Texas companies in an attempt to maintain venue.

### C. [ALLEGED] FACTS

11. Defendant denies that Plaintiff was employed by all the named defendants as alleged. Rather, Plaintiff was employed by Excelerate Technical Management BV at the time of the incident underlying this lawsuit.

12. Defendant admits that Plaintiff was employed as a third engineer and a member of the crew of the *FSRU Experience* at the time of the incident underlying Plaintiff's claims. Defendant denies the remaining allegations of paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that on February 5, 2022, Plaintiff suffered an injury in the course and scope of his employment on the *FSRU Experience* that required surgery and resulted in the amputation of the distal phalanx of his left index finger. Defendant denies the remaining allegations of paragraph 14 of Plaintiff's Complaint.

### D. [PLAINTIFF'S] CLAIMS FOR RELIEF

#### Jones Act Negligence

15. To the extent necessary, Defendant incorporates herein by reference its answers to paragraphs 1-14 of Plaintiff's Complaint.

16. Defendant admits that Plaintiff was in the course and scope of his employment on the *FSRU Experience* on February 5, 2022. Defendant denies that the *FSRU Experience* was a ship in navigation at that time. Defendant admits that Plaintiff had a connection to the ship and that he contributed to the work of the ship. Defendant denies the remaining allegations of paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations of paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations of paragraph 18 of Plaintiff's Complaint.

### Unseaworthiness

19. Defendant denies the allegations of paragraph 19 of Plaintiff's Complaint.

### Maintenance and Cure

20. Defendant denies the allegations of paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations of paragraph 21 of Plaintiff's Complaint.

### E. DAMAGES

22. To the extent necessary, Defendant incorporates herein by reference its answers to paragraphs 1-21 of Plaintiff's Complaint

23. Defendant denies the allegations of paragraph 23 of Plaintiff's Complaint and each of its sub-paragraphs a-h.

### F. JURY DEMAND

24. Defendant denies that Plaintiff is entitled to a trial by jury as demanded.

### G. PRAYER

25. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 25 of Plaintiff's Complaint and each of its sub-paragraphs.

### FIFTH DEFENSE

For further answer and without waiving the foregoing, Defendant is not liable in the capacities sued. More particularly:

a. Defendant did not own the *FSRU Experience* at the time of the alleged incident.

b. Defendant did not employ Plaintiff or any other member of the crew of the *FSRU Experience* at the time of the alleged incident.

## SIXTH DEFENSE

For further answer and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Defendant.

## SEVENTH DEFENSE

For further answer and without waiving the foregoing, Plaintiff's alleged injuries and damages were proximately caused, in whole or in part, by Plaintiff's own negligence.

## EIGHTH DEFENSE

For further answer and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or by instrumentalities for which Defendant is not legally responsible.

## NINTH DEFENSE

For further answer and without waiving the foregoing, Defendant denies that the *FSRU Experience* was unseaworthy. Further, Defendant denies that Plaintiff has a cause of action against it for alleged unseaworthiness because Defendant did not own the *FSRU Experience*.

## TENTH DEFENSE

For further answer and without waiving the foregoing, Defendant denies that Plaintiff has a cause of action against it for Jones Act negligence or for maintenance and cure because Defendant did not employ Plaintiff.

**ELEVENTH DEFENSE**

For further answer and without waiving the foregoing, Defendant denies that Plaintiff is a Jones Act seaman.

**TWELFTH DEFENSE**

For further answer and without waiving the foregoing, Plaintiff has failed to mitigate his damages.

**THIRTEENTH DEFENSE**

For further answer and without waiving the foregoing, Plaintiff has not been injured and/or sustained damages to the extent alleged, and Plaintiff's ability to return to gainful employment has not been significantly diminished by the incident made the basis of suit herein. In connection with the foregoing, Plaintiff has been declared fit for duty and has returned to work.

**FOURTEENTH DEFENSE**

For further answer and without waiving the foregoing, denies that Plaintiff's employer has failed to satisfy its obligation, if any, to provide maintenance and cure.

**FIFTEENTH DEFENSE**

For further answer and without waiving the foregoing, if Defendant is found liable to Plaintiff in any amount, Defendant is entitled to a credit or set-off for any and all sums Plaintiff has received in the way of any and all settlements. In the alternative, Defendant asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or Plaintiff.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Excelerate Energy, LLC, prays that that this matter be dismissed based on this being an improper forum and/or *forum non conveniens*. Alternatively, Excelerate Energy, LLC prays that a judgment be entered that Plaintiff take nothing by its suit against Excelerate Energy, LLC; that Excelerate Energy, LLC be awarded its costs incurred in the defense of this action; and, for all other and further relief, in law and in equity, that it may show itself justly entitled to receive.

Respectfully submitted,

SBSB EASTHAM

*/s/ Robert L. Klawetter*
Robert L. Klawetter
Fed. I.D. No. 2471
State Bar No. 11554700
rklawetter@sbsb-eastham.com
Christina K. Schovajsa
Fed. I.D. No. 25142
State Bar No. 24002910
cschovajsa@sbsb-eastham.com
Schouest, Bamdas, Soshea, BenMaier
   & Eastham PLLC
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-0905
Facsimile: (713) 574-2942

*Attorneys for*
*Excelerate Energy, LLC*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **March 1, 2024**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Houston Division.

/s/ *Robert L. Klawetter*
Robert L. Klawetter